Lance E. Shurtleff, Esq. WSB#6-3794
Gordon Rees Scully Mansukhani, LLP
515 E. Ivinson, Suite 108
Laramie, WY 82070
D: (303) 200-6849
T: (307) 365-6741
F: (307) 222-7825
lshurtleff@grsm.com
*Attorneys for Defendant General Motors LLC*

## UNITED STATES DISTRICT COURT
## DISTRICT OF WYOMING

| | |
|---|---|
| LARRY RIDGEWAY,<br>　　　　　Plaintiff,<br><br>vs.<br><br>GENERAL MOTORS LLC,<br>　　　　　Defendant. | Civil Action No.<br><br><br>**NOTICE OF REMOVAL** |

Defendant General Motors LLC ("GM LLC"), by and through undersigned counsel and pursuant to 28 U.S.C. §§ 1332(a)(1), 1441, and 1446 and Local Rule 81.1, hereby provides notice of removal of this action from Natrona County Wyoming District Court to the United States District Court for the District of Wyoming. In support of this Notice of Removal, GM LLC states as follows:

### I.     THE STATE COURT ACTION

1. On October 21, 2020, Plaintiff Larry Ridgeway ("Plaintiff") filed this civil lawsuit against GM LLC in the Natrona County Wyoming District Court, captioned *Larry Ridgeway v. General Motors LLC*, Case No. 108940 (the "State Court Action"). A copy of the Original Complaint and summons filed by Plaintiff in the State Court Action is attached hereto as **Exhibit 1**.

2. GM LLC was served with a copy of the Complaint in the State Court Action on October 27, 2020. *Id.*

3. This Notice of Removal is being filed within thirty days of GM LLC being served with the Complaint.

4. This Notice of Removal is therefore timely filed under 28 U.S.C. § 1446(b)(1).

5. In his Complaint, Plaintiff alleges that he sustained serious and severe injuries after his 2005 Pontiac Montana Minivan ("Montana") overturned on Interstate 25 near Wheatland, Wyoming. Complaint ¶¶ 5-6.

6. Plaintiff alleges that during the crash sequence, the roof of the Montana intruded into the passenger compartment of the Montana which caused Plaintiff's serious and severe injuries. Complaint ¶ 6.

7. Plaintiff claims that the Montana, manufactured by GM LLC, was sold in a defective condition which made it unreasonably dangerous and that this defective and dangerous condition allegedly cause Ridgeway's serious and severe injuries. Complaint ¶¶ 9, 11.

8. Plaintiff is seeking a judgment in his favor in an amount exceeding the jurisdictional limit of the Natrona County District Court. Complaint ¶ 4.

## II.     THIS COURT HAS SUBJECT MATTER JURISDICTION PURSUANT TO 28 U.S.C. § 1332(a)(1).

9. Under the federal removal statute, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

10. Removal is proper here because this Court has diversity jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1332(a)(1). *See Therrien v. Target Corp.*, 617 F.3d 1242, 1247 (10th Cir. 2010) (removal to federal district court is warranted where "diversity jurisdiction" under 28 U.S.C. § 1332(a)(1) is present).

11. 28 U.S.C. § 1332(a) grants district courts original jurisdiction over "civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs and is between … citizens of different states." 28 U.S.C. § 1332(a)(1).

12. Both the diversity and amount-in-controversy requirements of 28 U.S.C. § 1332(a)(1) are satisfied in this case. Removal is therefore proper.

13. Plaintiff Larry Ridgeway is a citizen of Wyoming. Complaint ¶ 1.

14. Defendant GM LLC is and was at the time the State Court Action commenced, a Delaware limited liability company with its principal place of business located in the State of Michigan. *See* Delaware Secretary of State Entity Details attached hereto as **Exhibit 2**. "Like every other circuit to consider this question, this [the Tenth Circuit] concluded an LLC, as an unincorporated association, takes the citizenship of all its members." *Siloam Springs Hotel, LLC v. Century Surety Company*, 781 F.3d 1233, 1234 (10th Cir. 2015)

15. GM LLC is 100 percent owned by General Motors Holdings LLC. General Motors Holdings LLC is a Delaware limited liability company with its principal place of business in Michigan. General Motors Holdings LLC is 100 percent owned by General Motors Company. General Motors Company is a Delaware corporation with its principal place of business in Michigan.

16. Accordingly, GM LLC is a citizen of Delaware and Michigan for purposes of determining diversity jurisdiction. *See* 28 U.S.C. § 1332(c)(1); *See Grynberg v. Kinder Morgan Energy Partners, L.P.*, 805 F.3d 901, 905 (10th Cir. 2015) ("For diversity, a corporation is a citizen of its state of incorporation and the state where its principal place of business is located." citing 28 U.S.C. § 1332(c)(1)).

17. Plaintiff is a citizen of a different state than GM LLC and thus the parties satisfy the diversity requirement of 28 U.S.C. § 1332(a)(1).

18. In determining whether the jurisdictional threshold amount of $75,000 is satisfied, the district court looks to "the pecuniary effect an adverse declaration will have on either party to the lawsuit." *Bad Ass Coffee Co. of Hawaii v. Bad Ass Coffee Ltd. Partnership*, 25 Fed. Appx. 738, 743 (10th Cir. 2001). "The test to determine amount in controversy is not the sum ultimately found to be due, but the sum demanded in good faith." *Gibson v. Jeffers*, 478 F.2d 216, 220 (10th Cir. 1973).

19. As noted above, Plaintiff seeks more than the Natrona County District Court jurisdictional limit - $50,000.00 - in damages for the serious and severe injuries he suffered in a rollover accident on Interstate 25. Complaint ¶ 4, 6. However, the amount in controversy, based upon the allegations in the Complaint, is plainly in excess of $75,000.

20. A defendant's notice of removal need only include "a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens,* 574 U.S. 81, 89 (2014). Evidence establishing the amount in controversy is required "only when the plaintiff contests, or the court questions, the defendant's allegation." *Id.* While Plaintiff did not explicitly plead an amount-in-controversy in excess of $75,000.00, the allegations in his Complaint support such a claim. *See McPhail v. Deere Co.*, 529 F.3d 947, 955 (10th Cir. 2008) ("[A] complaint that presents a combination of facts and theories of recovery that may support a claim in excess of $75,000 can support removal."). Plaintiff alleges that he seeks more than $50,000 in damages for serious and severe injuries following a rollover accident on Interstate 25 in which the roof of the Montana intruded into the passenger compartment of the

Montana.  *See McPhail*, 529 F.3d at 957 (holding that the Plaintiff's allegations of a tractor's defective design leading to severe bodily injury was enough to satisfy the amount in controversy requirement.")

21. Plaintiff's allegations that his serious and severe bodily injury from a highway rollover accident was caused by the alleged defective condition of the Montana are sufficient to meet the amount-in-controversy requirement of 28 U.S.C. § 1332(a).  This, in addition to the satisfaction of the diversity requirement, renders removal of the State Court Action proper.

### III.  ALL PROCEDURAL REQUIREMENTS FOR REMOVAL ARE SATISFIED.

22. GM LLC was served with the Complaint on October 27, 2020. This Notice of Removal has been filed within thirty days of service.  Thus, removal is timely pursuant to 28 U.S.C. § 1446(b)(1).

23. A copy of the Notice of Filing of Notice of Removal, attached hereto as **Exhibit 3**, will be timely filed with the Clerk of the District Court for Natrona County, Wyoming and served on Plaintiff's counsel pursuant to 28 U.S.C. § 1446(d).

24. Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders received by GM LLC in the State Court Action are attached hereto as **Exhibit 1**.

25. Venue is proper in this Court under 28 U.S.C. § 1446(a) because the United States District Court for the District of Wyoming is the district court of the United States for the district and division within which the State Court Action is pending. *See* 28 U.S.C. § 131 ("Wyoming . . . constitute[s] one judicial district" and Natrona County is in Wyoming).

26.     Based on the foregoing, this Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1332(a), 1332(d), and 1441, and the claims may be removed to this Court pursuant to 28 U.S.C. §§ 1441 and 1446.

## IV.     CONCLUSION

27.     GM LLC respectfully requests that the State Court Action be removed to the United States District Court for the District of Wyoming.

28.     By this Notice of Removal, GM LLC does not waive any objections or defenses it may have to this action, including, but not limited to, improper service of process, lack of personal jurisdiction, or improper venue.

29.     GM LLC does not admit any of the allegations of Plaintiff's Complaint except as specifically admitted herein.

                              Respectfully submitted,

                              GORDON REES SCULLY MANSUKHANI, LLP

                              By: *s/Lance Shurtleff*
                                  Lance Shurtleff, WSB#6-3794
                                  515 E. Ivinson, Suite 108
                                  Laramie, WY 82070
                                  D: (303) 200-6849
                                  P: (307) 365-6741
                                  F: (307) 222-7825
                                  lshurtleff@grsm.com
                                  ***Attorneys for General Motors LLC***

-7-

## CERTIFICATE OF SERVICE

The foregoing **Notice of Removal** was electronically filed with the Court on this 13th day of November, 2020. Notice of this filing will be sent by operation of the Court's case management and electronic case filing system. Parties may access this filing through the Court's case management and electronic case filing system.

*/s/Lance Shurtleff*
*Attorney for Defendant GM LLC*